IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN WEBSTER BURGETT, JR., § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:05-CV-0775-Y |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Stephen Webster Burgett, Jr., TDCJ #1117535, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On July 19, 2002, in the Criminal District Court No. 4 of Tarrant County, Texas, a jury found

Burgett guilty of murder in Cause No. 0816659D and assessed his punishment at fifty years' imprisonment. (State Habeas R. at 63.) On December 4, 2003, the Second District Court of Appeals affirmed the trial court's judgment. *Burgett v. Texas*, No. 2-02-300-CR, slip op. (Tex. App.–Fort Worth Dec. 4, 2003) (not designated for publication). Burgett's motion for rehearing was denied by the appellate court on January 8, 2004. (Docket Sheet, 2nd Court of Appeals.) Burgett filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was dismissed as untimely on March 31, 2004. *Burgett v. Texas*, PDR No. 467-04. Burgett's motion for rehearing was rejected on April 12, 2004. Because Burgett did not timely seek discretionary review from the Texas Court of Criminal Appeals, his conviction became final on February 7, 2004–30 days after the court of appeals denied his motion for rehearing. TEX. R. APP. P. 68.2(a).

Burgett filed a state application for writ of habeas corpus raising the issues presented on December 28, 2004, which was denied without written order by the Texas Court of Criminal Appeals on April 13, 2005. *Ex parte Burgett,* Application No. 61,290-01, at cover. On December 1, 2005, Burgett filed this petition. *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing). As ordered, Dretke has filed a preliminary response with a brief in support and documentary exhibits addressing only the issue of limitations, to which Burgett has replied.

### D.  ISSUES

In his petition, Burgett raises three grounds alleging ineffective assistance of trial and appellate counsel. (Federal Petition at 7.)

### E.  STATUTE OF LIMITATIONS

Federal habeas corpus petitions are subject to a one-year statute of limitations. Section

2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

In this case, the limitations period was triggered under § 2244(d)(1)(A) when Burgett's conviction became final through the expiration of time for seeking direct review on February 7, 2004, and expired one year later on February 7, 2005. *Id.* § 2244(d)(1)(A); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Thus, Burgett's petition was due on or before February 7, 2005, absent any applicable tolling. Under the statutory tolling provision, Burgett's state habeas application tolled the limitations period for 106 days, making his petition due on or before May 24, 2005. *Id.* 2244(d)(2).

Although Burgett makes the argument, he has not demonstrated that the limitations period was triggered under § 2244(d)(1)(B) or that he is entitled to equitable tolling of the limitations period, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Burgett asserts that state actions impeded him from filing a timely petition in that (1) county officers lost his trial records while in transfer and he was unable to get replacements or compensated for the loss, (2) he was placed in administrative segregation depriving him of regular visits to the law library and access to legal materials, and (3) the unit's mail supervisor tampered with his mail. (Pet'r Reply at 3-12.) § 2244(d)(1)(B). Burgett provides no proof, however, of these allegations. Furthermore, difficulty obtaining records, lack of money to pay for copies, transfers between prison units, and administrative segregation are common problems among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Burgett also asserts that his appellate counsel failed to notify him of the appellate court's denial of his motion for rehearing. Mere attorney error or neglect does not justify application of the equitable-tolling doctrine. *See Counsin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Burgett's federal petition was due on or before May 24, 2005. His petition filed on December 1, 2005, is therefore untimely.

## II. RECOMMENDATION

Burgett's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 17, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 17, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

5

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March  27 , 2006.

        /s/ Charles Bleil
        CHARLES BLEIL
        UNITED STATES MAGISTRATE JUDGE